[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10631
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20170-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus

RAUL SOSA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 21, 2016)


Before MARCUS, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Raul Sosa ("Sosa") appeals his total 78-month sentence imposed after the jury found him guilty of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, making and subscribing a false 2007 individual tax return in violation of 26 U.S.C. § 7206(1), aiding and assisting in the preparation of a false 2008 corporate tax return in violation of § 7206(2), and making and subscribing a false 2008 individual tax return in violation of § 7206(1).

Briefly stated, the appeal presents two issues:

(1)    Whether the district court erred by applying a guidelines enhancement for obstruction of justice under U.S.S.G. § 3C1.1

(2)    Whether the district court imposed an unreasonable sentence when it heavily weighed criminal history to vary upward from the guidelines range

The district court properly gave a two-level enhancement for obstruction of justice without "double-counting" Sosa's criminal conduct: the indictment did not charge Sosa for filing false amended corporate returns, after he was told he was the subject of a criminal investigation.

The district court imposed a procedurally reasonable sentence because it correctly calculated the adjusted base offense level for Sosa, considered the 18 U.S.C. § 3553(a) factors, and adequately explained its sentence.   The district court

2

also imposed a substantively reasonable sentence.   The court considered the guidelines range, weighed the § 3553(a) factors in the light of the seriousness of the crime, considered Sosa's particular conduct and lively criminal history, noted his lack of remorse, and considered the need to promote respect for the law and the need to deter Sosa and others.   Given these considerations, the sentencing court did not abuse its discretion in determining it was appropriate to vary upward from the guidelines range.   For background, see *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016); *United States v. Tome,* 611 F.3d 1371, 1379 (11th Cir. 2010); *United States v. Clay,* 483 F.3d 739, 743 (11th Cir. 2007).

AFFIRMED.